UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KEDRIC EARL BUIE,** )<br>    )<br>    Petitioner, )<br>    )<br>    vs. )<br>    )<br>**UNITED STATES OF AMERICA,** )<br>    )<br>    Respondent. ) | Case No.  2:14-CV-8030-SLB<br>Crim. Case No. 2:09-CR-0185-SLB-SGC |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Motion to Vacate]. (Doc. 1; Crim. Doc. 31.)[1]  Petitioner, Kedric Earl Buie, has filed the Motion to Vacate, pursuant to 28 U.S.C. § 2255, asking the court for relief from his 87-month sentence. (Doc. 1; *see* Crim. Doc. 21.)  Buie asserts a single ground for relief:

> GROUND ONE:  DEFENDANT'S SENTENCE VIOLATES THE SIXTH AMENDMENT.
>
> . . .
>
> Defendant respectfully submits that because his sentence was increase[d] from the fixed sentence of 5 years for a violation of 18 U.S.C. § 924(c)(1) to a mandatory minimum of 7 years for brandishing a firearm, when he never

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)."  Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:09-CR-00185-SLB-SGC, appear as "(Crim. Doc. __)."  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

admitted to conduct nor was he charged pursuant to [an] 18 U.S.C. § 924(c)(1)(A)(ii) violation.

(Doc. 1 at 4.) For the reasons stated below, Buie's Motion to Vacate is due to be denied.

On May 5, 2009, the Grand Jury returned an Indictment against petitioner, Kedric Earl Buie, and his co-defendant Stephen Lawrence Parker. (Crim. Doc. 1.) The Indictment charged Buie with carjacking in violation of 18 U.S.C. § 2119 [Count One] and using and carrying a firearm during and in relation to a crime of violence – carjacking – in violation of 18 U.S.C. § 924(c)(1)(A) [Count Two]. The Indictment charged:

COUNT ONE: [18 U.S.C. § 2119]

The Grand Jury charges that:

On or about the 23rd day of February, 2009, in Jefferson County, within the Northern District of Alabama, the defendants,

**STEPHEN LAWRENCE PARKER and
KEDRIC EARL BUIE**,

with the intent to cause death and serious bodily harm, did knowingly take a motor vehicle from the person and presence of another by force and violence and by intimidation, said vehicle being a Toyota 4-Runner, which had been previously transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119.

COUNT TWO: [18 U.S.C. § 924(c)(1)(A)]

The Grand Jury charges that:

On or about the 23rd day of February, 2009, in Jefferson County, within the Northern District of Alabama, the defendants,

**STEPHEN LAWRENCE PARKER and
KEDRIC EARL BUIE**,

did knowingly use and carry a firearm, that is, a Hi-Point 9mm pistol and a Cobra .380 pistol, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that being, Carjacking, as charged in Count One of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

(Crim. Doc. 1.)

Buie was arraigned on May 14, 2009. The case was set on the trial docket of July 6, 2009. (*See* Crim. Doc. 6 at 4.) However, prior to that date, the court was notified that Buie wished to plead guilty. A change of plea hearing was held on June 24, 2009. On that date the court accepted Buie's plea of guilty to Counts One and Two of the Indictment, finding the "plea of guilty is freely and voluntarily entered, and the requisite factual basis for [the] plea exists." (Crim. Doc. 32 at 23.)

Thereafter, following a sentencing hearing, on December 28, 2009, the court entered its Judgment in a Criminal Case, which imposed a custodial sentence of 151 months – 67 months as to Count One and the mandatory minimum of 84 months on Count Two to be served consecutively to the sentence imposed on Count One. (Crim. Doc. 29 at 2.) Buie did not appeal his conviction and/or sentence.

Buie's Motion to Vacate is deemed filed on May 27, 2014.[2] (Doc. 1 at 13.) He asserts that his Motion was "timely filed pursuant to 28 U.S.C. § 2255[(f)](3), the date that the

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)(internal citations and quotations omitted).

Supreme Court recognized the right under *Alleyne v. U.S.*[,] 570 U.S. [ ] 2013 June. (*Id*. at 13.) The Supreme Court decided *Alleyne v. United States*, 133 S. Ct.. 2151 (2013), on June 17, 2013.

In response to the Motion to Vacate, the Government argues that Buie's Motion was untimely filed and that it is without merit. The court agrees.

A Motion to Vacate, filed pursuant to 28 U.S.C. § 2255, must be filed within one year of the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and ***made retroactively applicable to cases on collateral review***; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(emphasis added). Buie contends his Motion to Vacate is timely because it was filed within one year of the Supreme Court's decision in *Alleyne*. However, the *Alleyne* decision has not been "made retroactively applicable to cases on collateral review." *Id*. (f)(3). The Eleventh Circuit Court of Appeals has held:

> . . . *Alleyne* does not apply retroactively on collateral review. . . . First, neither *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive. *See United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014). Second, the *Alleyne* Court explained that its holding was an application

of the rule established in *Apprendi v. New Jersey*, *see Alleyne*, 133 S. Ct. at 2163 (applying *Apprendi,* 530 U.S. 466, 120 S. Ct. 2348 (2000)), and we have repeatedly held that *Apprendi* 's rule does not apply retroactively on collateral review.  *See*, *e.g*., *Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir. 2006)(holding that *Apprendi* does not retroactively apply to [28 U.S.C.] § 2241 petitions); *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001)(holding that *Apprendi* does not retroactively apply to § 2255 motions).  If *Apprendi*'s rule is not retroactive on collateral review, then neither is a decision applying its rule.  *See In re Anderson,* 396 F.3d 1336, 1340 (11th Cir. 2005)(explaining that decisions "based on an extension of *Apprendi* " are not retroactive); *see also Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013)(concluding that *Alleyne* is not retroactive because *Apprendi* is not retroactive).  Finally, every one of our sister circuits to consider the issue in a published decision has concluded that *Alleyne* is not retroactively applicable on collateral review.  *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper,* 735 F.3d 211, 212 (5th Cir. 2013); *Simpson,* 721 F.3d at 876.

*Jeanty v. Warden, FCI Miami*, 757 F.3d 1283, 1285-86 (11th Cir. 2014).

Section 2255(f)(3) does not extend Buie's time to file this Motion to Vacate because *Alleyne* is not retroactively available to cases on collateral review.  Buie's Motion to Vacate was filed more than one year after his judgment of conviction became final; therefore, his Motion to Vacate is time-barred and due to be dismissed.

Nevertheless, even if the court assumed the Motion was timely filed, it would be denied on its merits.

Section 924(c)(1)(A)(ii) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of

>   any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –
>
>   . . .
>
>   (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A)(ii).  "For purposes of [18 U.S.C. § 924(c)(1)(A)(ii)] the term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person."  18 U.S.C. § 924(c)(4).

When a habeas petitioner has been convicted based on a plea of guilty and he makes "statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.'"  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014)(quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)(per curiam)).  His "solemn declarations in open court carry a strong presumption of verity."  *Id*. (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

The Plea Agreement in this case states, "The Parties understand that the maximum statutory punishment that may be imposed for the crime of ***brandishing a firearm* . . . *as charged in COUNT TWO is:  Imprisonment for not less than 7 years* . . . ."  (Crim. Doc. 15 at 2 [emphasis added].)  The "Factual Basis for Plea" includes the facts that Buie was given a firearm to use in the carjacking and that he wielded that firearm during the carjacking; Buie stipulated these facts were "substantially correct."  (*Id*. at 3, 6-7.)   Buie

6

also acknowledged during his Plea Colloquy that these facts – he was given a firearm to use in the carjacking and that he used this firearm during the carjacking – were substantially correct. (Crim. Doc. 32 at 18, 22.) Additionally, during the Plea Hearing, the court questioned Buie as follows:

> THE COURT: In Count Two, is the proof going to be that it was brandished?
>
> MR. WEIL [Assistant U.S. Attorney]: Yes.
>
> THE COURT: With regard to Count Two, do you understand the maximum sentence you're facing on a plea of guilty to Count Two is a fine of not more than $250,000, a custodial sentence of not less than seven years, a supervised release time of not more than five years, an assessment fee of $100, plus restitution to any victim, and that seven[-]year sentence must be run consecutive to any sentence that you receive for Count One? In other words, whatever sentence you receive for Count One, the mandatory seven years – there's a mandatory seven[-]year sentence, not less than seven years – must be run consecutive to the sentence you receive in Count One?
>
> Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

(*Id.* at 10-11.) Also, the court reiterated to Buie that he was pleading guilty to brandishing a firearm during the carjacking:

> THE COURT: . . . Title 18, United States Code, Section 924(c)(1) makes it a separate federal crime or offense for anyone to brandish a firearm during and in relation to a crime of violence.
>
> Before you could be found guilty of the offense charged in Count Two, the government would have the burden of proving beyond a reasonable doubt:
>
> First, that you committed the crime of violence charged in Count One of the indictment;

>	Second, that during the commission of that offense, you knowingly carried and used a firearm as charged;
>
>	And, third, that you used or carried the firearm in relation to the crime of violence that's charged in Count One of the indictment.
>
>	Do you understand the charge against you in Count Two of the indictment?
>
>	THE DEFENDANT: Yes, ma'am.

(*Id*. at 15-16.) Following the Assistant U.S. Attorney's outline of the evidence he expected the Government to prove at trial, the court against addressed Buie:

>	THE COURT: Mr. Buie, you have heard the Assistant U.S. Attorney outline briefly certain of the facts he would expect the government to prove should this case proceed to trial. Are those facts substantially correct?
>
>	THE DEFENDANT: Yes, ma'am.
>
>	. . .
>
>	THE COURT: You are not required to enter a plea of guilty, and you are free at this time to withdraw your plea of not guilty and re-enter a not guilty plea. Have you heard anything here today that causes you to want to reconsider your decision to enter a plea of guilty?
>
>	THE DEFENDANT: No, ma'am.
>
>	THE COURT: Do you still desire to enter your plea of guilty to Counts One and Two of the indictment?
>
>	THE DEFENDANT: Yes, ma'am.
>
>	THE COURT: Are you doing that because you're guilty of those two charges?
>
>	THE DEFENDANT: Yes, ma'am.

>   THE COURT: All right. The court finds your plea of guilty is freely and voluntarily entered, and the requisite factual basis for your plea exists. The plea of guilty to Counts One and Two is accepted by the court.

(*Id*. at 22-23.)

Based on Buie's admissions and his guilty plea to Count Two of the Indictment, the court finds, even if the Motion to Vacate had been timely filed, Buie would not be entitled to any relief. *See United States v. Butler*, 572 Fed. Appx. 683, 687-88 (11th Cir. 2014).[3]

---

[3]In *Butler*, the Eleventh Circuit held:

>   . . . [I]n *Alleyne v. United States,* the Supreme Court held that the Sixth Amendment requires that any fact that increases the mandatory statutory minimum penalty, such as the brandishing of a firearm under 18 U.S.C. § 924(c)(1)(A)(ii), is an "element" that must be submitted to the jury. 133 S. Ct. at 2155-56, 2162-64.
>
>   As *United States v. Booker* clarifies, however, the Sixth Amendment is not violated where such a fact is either submitted to the jury or "*admitted by the defendant.*" 543 U.S. 220, 228, 125 S. Ct. 738, 746-47, 160 L. Ed. 2d 621 (2005)(stating that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant* " (quotation marks omitted)); *see United States v. Steed,* 548 F.3d 961, 978-79 (11th Cir. 2008) (noting that the Supreme Court in *Booker* reaffirming its holding in *Apprendi,* that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (quotation marks omitted)).
>
>   . . .
>
>   Here, [defendant] argues that his sentence on Count 3 must be vacated under *Apprendi* and *Alleyne* because the brandishing-of-a-firearm element was not charged in the indictment and submitted to the jury. A threshold issue is whether, by pleading guilty and admitting to brandishing a firearm, [defendant]

9

## **CONCLUSION**

---

waived any defects in the indictment or any argument about submission of the "brandishing" fact to the jury. *See United States v. Sanchez,* 269 F.3d 1250, 1271 & n.40 (11th Cir. 2001)(en banc); *United States v. Walker,* 228 F.3d 1276, 1278 n.1 (11th Cir. 2000). We need not resolve or rely on this waiver issue, however, because (1) any error in the indictment was harmless, and (2) the district court did not err in sentencing [defendant] to the enhanced mandatory minimum penalty, in light of his admission to brandishing the firearm.

As to the omission in the indictment, we note that, at his plea colloquy, [defendant] (1) was advised of the elements of a § 924(c)(1)(A)(ii) offense, including the brandishing element, (2) was advised of the seven-year mandatory minimum that applied under that statutory provision, (3) admitted that he possessed a handgun and brandished it during the robbery, and (4) stated that he understood everything that was said at the plea colloquy. In light of these facts, there is nothing to suggest that [defendant] was deprived of notice of the charges against him or confused about the potential penalties of his offenses. And, as he pled guilty only after being advised as to the seven-year mandatory minimum penalty, there is no basis to find that [defendant] would have changed his plea if the indictment had charged him with brandishing a firearm, in violation of § 924(c)(1)(A)(ii). We therefore conclude that any error in the indictment was harmless. *See* Fed. R. Crim. P. 52(a) (stating that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").

And, we conclude that no *Apprendi* and *Alleyne* error occurred based on the issue of brandishing not being submitted to the jury because *Apprendi* and its progeny require only that such a fact that increases a statutory mandatory minimum be found by the jury or "*admitted by the defendant.*" *Booker,* 543 U.S. at 228, 125 S. Ct. at 746-47.

*Butler*, 572 Fed. Appx. 683, 687-88 (11th Cir. 2014).

Based on the foregoing, the Motion to Vacate filed by petitioner Kedric Earl Buie, (doc. 1), is due to be denied as untimely filed. An Order denying the Motion to Vacate and dismissing his petition will be entered contemporaneously with this Memorandum Opinion.

## **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Buie has not demonstrated that he was denied any constitutional right or that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 9th day of May, 2016.

                                                  */s/ Sharon Lovelace Blackburn*
                                                SHARON LOVELACE BLACKBURN
                                                SENIOR UNITED STATES DISTRICT JUDGE